BAIRD VS. MCCONKEY and others.

*Foreclosure of mortgage, executed to railroad company for capital stock—Judgment for deficiency— Waiver of objection to misjoinder of causes of action.*

1.  Under sec. 3, ch. 243, Laws of 1862, a judgment for any deficiency in a foreclosure case can be taken only at or after the confirmation of the report of sale.

2.  But this section does not apply to the foreclosure of a mortgage given to a corporation in payment for its capital stock; and in such a case a contingent judgment, rendered with that of foreclosure, that if the proceeds of the sale be insufficient, &c., "the sheriff specify the amount of such deficiency in his report of sale, and that the [principal defendant] pay the same to the plaintiff," is valid and sufficient; and execution may be issued thereon, after the sheriff's report is confirmed, for any deficiency.

3.  The complaint in such case demanding judgment for a deficiency as well as for a foreclosure, the objection that it improperly unites several causes of action must be taken by answer or demurrer, or it is waived.

APPEAL from the Circuit Court for *Walworth* County.

*Kellam & Barnes*, for appellant.

*Spooner & Harkness*, for respondent.

COLE, J.    This is an appeal from an order denying a motion for a judgment for deficiency in a foreclosure action. The note and mortgage were given to a railroad corporation in payment for stock, and were duly assigned to the plaintiff.    The complaint was in the usual form, asking for a judgment of foreclosure and sale of the mortgaged premises, and for a personal judgment against the maker of the note for any deficiency which might remain after applying the proceeds of the sale to the payment of the amount due.    The court below gave judgment for a foreclosure and sale; and, after giving specific directions to the sheriff as to how he should apply the proceeds of the sale, and as to making his report of the sale, the judgment further provided as follows : " If the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff, with interest and costs as aforesaid, the said sheriff specify the amount of such deficiency in his report of sale, and *that the defendant James McConkey* pay the same to the plaintiff," &c. Now, as we understand this clause, it is a *judgment* for payment of the deficiency by the mortgagor in case the proceeds of the mortgaged premises were not sufficient to pay the debt and costs.    We cannot see why it does not authorize the issuing of an execution for the deficiency reported due.    It is clearly a judgment that the mortgagor pay the deficiency when it shall be ascertained by the report of sale, and, therefore all further judgment or order for the payment of such deficiency is unnecessary.    And although the judgment does not state that the plaintiff have execution for such deficiency, yet this is implied in law, as upon judgments in other cases.    In New York, after the passage of the statute providing that in suits to foreclose a mortgage the court should have power to decree and direct the payment by the mortgagor of any balance of

the mortgage debt, it was held that a contingent decree for the payment of the deficiency could be made before the sale. *McCarthy v. Graham,* 8 Paige, 480 ; *Bank of Rochester v. Emerson,* 10 id., 115. Here there was a judgment for the payment of the deficiency by the mortgagor upon the coming in of the sheriff's report of sale, in case it should appear from that report that the proceeds of the mortgaged property were insufficient to pay the debt and costs. And this practice derives support from the previous decisions of this court. *Sauer v. Steinbauer,* 14 Wis., 70; *Cary v. Wheeler,* id., 281 ; *Faesi v. Goetz,* 15 Wis., 231. Any further order or judgment for the payment of the deficiency being unnecessary, the court properly denied the motion.

It is possible that the practice of taking a judgment for deficiency before the sale of the mortgaged premises may have been changed by chap. 243, Laws of 1862, so far as respects the class of cases coming within the purview of that law. The third section of that act would seem to contemplate that in these cases judgment for any deficiency can only be taken at the time of the confirmation of the report of sale, or at some time thereafter. It is expressly provided, however, in the third section, that the provisions of that law shall not apply to or affect any action to foreclose a mortgage given by any person to a corporation for subscription to the capital stock of such corporation. As to that class of actions, the practice remains the same as before the passage of this act. The defendants might have objected in this case by answer or demurrer, that several causes of action were improperly united ; but not having taken the objection in this way, they must be deemed to have waived it. And, as already remarked, the judgment for the payment of the deficiency by the mortgagor is ample and sufficient, and the order was properly denied upon that ground.

*By the Court.*—The order of the circuit court is affirmed.