PLANKINTON, Assignee, Appellant, vs. HILDEBRAND and another, imp., Respondents.

*December 14, 1894 — January 8, 1895.*

*Pledge of corporate stock: Foreclosure: Pleading: Parties: Joinder of causes of action.*

1. A valid equitable pledge of corporate stock may be made by delivery of the certificates indorsed in blank by the owner as security for a debt, without entry of a transfer of the legal title upon the books of the corporation as provided in sec. 1751, R. S.

2. In an action to foreclose a pledge of corporate stock originally issued to H., the complaint alleged that the certificate was duly indorsed in blank by H. and was thereafter duly delivered, so indorsed, to plaintiff's assignor, a bank, as security for a note, in the usual course of business, by one L. It did not state to whom H. delivered the certificate, or how or from whom L. obtained it, but alleged that plaintiff was the lawful owner and holder of the note and certificate. *Held*, that under these allegations plaintiff might be allowed to prove his title and in what manner it was derived from H.

3. An allegation that H. had or claimed some interest in or lien upon the certificate, but that such lien or interest, if any, was subordinate to plaintiff's claim, showed that H. was a proper party defendant to the foreclosure action.

4. A cause of action upon a note secured by pledge of personal property cannot be joined with a cause of action to foreclose the pledge, unless both causes of action affect all the parties.

APPEAL from orders of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The complaint in this action states, in substance, that the defendant *Andrew Hildebrand* made his promissory note to the defendants Frank A. and Owen Lappen, under the name of Frank A. Lappen & Co., November 9, 1892, for $10,000, payable six months after date, with interest at eight per cent. per annum, and that the latter indorsed the note to the plaintiff's assignor, the Plankinton Bank, and avers presentment and nonpayment of the note, and notice to the maker and indorsers of the note; that the defendants Frank

A. Lappen & Co., at the time of the delivery of the note to the Plankinton Bank, also delivered to it a certificate for 150 shares of the capital stock of the O. L. Packard Machinery Company, originally issued by it to the defendant *Fred Hildebrand*, which "was by him duly indorsed in blank, and thereafter duly delivered, so indorsed, to said Plankinton Bank, in the usual course of business, by the defendant Frank A. Lappen as aforesaid." The certificate and indorsement is made an exhibit to the complaint, and it was averred that the debt it was delivered to secure had become due and was wholly unpaid, and that the plaintiff, as assignee of said bank, was the lawful owner and holder of the note and certificate, and " that the defendants *Fred Hildebrand* and *Andrew Hildebrand* have, or claim to have, some interest in or lien upon said certificate, but that such lien or interest, if any, is subordinate to the lien of the plaintiff therein." Judgment was demanded (1) barring and foreclosing the defendants, and all persons claiming under them or either of them, of and from all right, title, claim, lien, and equity of redemption in said certificate and the shares of stock represented by it, and for a sale thereof, and that the plaintiff be paid out of the moneys the amount due on the note, with interest, costs, and expenses, so far as said moneys will pay the same; and (2) that the defendants Frank A. Lappen and Owen Lappen and *Andrew Hildebrand* may be adjudged to pay any deficiency that may remain; and for such further or other relief, or both, as shall be just and equitable.

The defendants *Fred Hildebrand* and *Andrew Hildebrand* separately demurred to the complaint upon the grounds that several causes of action had been improperly united and that the complaint did not state facts sufficient to constitute a cause of action. The court made separate orders sustaining each of said demurrers, from both of which the plaintiff appealed.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *J. G. Flanders* and *C. F. Fawcett.* They contended, *inter alia*, that the complaint states but a single cause of action. The cause of action is the facts which give rise to plaintiff's right to receive payment, combined with the default of the defendants whose duty it is to pay. There is but one obligation, one default, therefore but one cause of action. *Turner v. Pierce*, 34 Wis. 658; *Pinkum v. Eau Claire*, 81 id. 310; *Stapleton v. King*, 40 Iowa, 278, 284; Bliss, Code Pl. §§ 113, 116, and cases cited; Pomeroy, Remedies, § 452 *et seq.; Bruil v. N. W. Mut. R. Asso.* 72 Wis. 433. The cause of action should not be confounded with the relief. The judgment of foreclosure is merely one of the measures of relief to which the plaintiff is entitled. Pomeroy, Remedies, § 454; Bliss, Code Pl. §§ 114, 120; *Whetstone v. Beloit S. B. Co.* 76 Wis. 613; *Moon v. McKnight*, 54 id. 551. This is essentially a suit in equity, and if the court has not the power to grant the relief in the way of personal judgment against the defendants personally liable for the deficiency, it is merely a matter of asking for too much relief. A complaint is not demurrable on such ground. *Tewksbury v. Schulenberg*, 41 Wis. 584; *Ames v. Ames*, 5 id. 169; *State ex rel. Mitchell v. Smith*, 14 id. 564–568; *Moritz v. Splitt*, 55 id. 441; *Scheibe v. Kennedy*, 64 id. 564. Granting that two causes of action are stated, they are not improperly united. It is not necessary that the judgment or relief demanded against each defendant should itself affect all the defendants, but merely that the cause of action which is the basis of such demand should in some way affect all the other defendants. Sec. 2647, R. S.; *Douglas Co. v. Walbridge*, 38 Wis. 179, 189, 190; Story, Eq. Pl. (Redfield's ed.), § 271*b; Blake v. Van Tilborg*, 21 Wis. 672; *Winslow v. Dousman*, 18 id. 457; *Bassett v. Warner*, 23 id. 673; *Gates v. Boomer*, 17 id. 455; Pomeroy, Remedies, § 486.

For the respondents there was a brief signed by *Orren T. Williams*, attorney for *Andrew Hildebrand,* and *W. W. Wight*, attorney for *Fred Hildebrand,* and oral argument by *Mr. Williams.*

PINNEY, J.   1. We think the complaint states a good equitable cause of action for the foreclosure of the pledge of the shares of stock mentioned in the complaint, and sale of the same, and the application of the proceeds thereof to the payment of the note for which it was pledged as security, although the allegations of the title or interest of the plaintiff's assignor in the stock are somewhat imperfect and uncertain. The stock was issued to and owned by the defendant *Fred Hildebrand,* and the allegation is that the certificate was by him duly indorsed in blank, but it does not state to whom he indorsed or delivered it.   It is, however, alleged that thereafter it " was duly delivered, so indorsed, to the plaintiff's assignor, in the usual course of business, by the defendant Frank A. Lappen," without any statement as to how, or from whom, he obtained it.   But this imperfect statement is aided by the subsequent allegations to the effect that the plaintiff is the owner of the stock, and that the defendants *Fred Hildebrand* and *Andrew Hildebrand* have or claim some interest or lien upon the certificate, but that such lien or interest, if any, is subordinate to the lien and claim of the plaintiff.   Under these allegations the plaintiff could properly be allowed to prove his title and in what manner it was derived from *Fred Hildebrand;* and, with fair intendments in its favor, we think the complaint states facts sufficient to constitute a good equitable cause of action in favor of the plaintiff for the foreclosure of the pledge, and that the allegation last mentioned shows that both *Andrew* and *Fred Hildebrand* were properly made defendants for that purpose.   A valid equitable pledge of the stock could be made by a proper delivery of it indorsed in blank by the

owner as security for the note in question, without having entered up on the books of the corporation a transfer of the legal title, as prescribed by the statute.   R. S. sec. 1751.

2. The complaint contains allegations of the liability of the defendants *Andrew Hildebrand*, as maker, and of Frank A. Lappen and Owen Lappen, Jr., as indorsers, of the note in question, and shows that the Lappens had been charged as indorsers thereof; and personal judgment is demanded against these three defendants for any deficiency that may remain unpaid after proper application of the proceeds of the stock.   Such a judgment would be for a purely legal demand.   It is no part of the ordinary functions of a court of equity to entertain suits for, or to enforce, purely legal demands, such as are founded on promissory notes, indorsements, guaranties, and the like.   We have not been referred to any authority showing that such a judgment or decree could be given by a court of equity.   In the absence of some statute extending their power, courts of equity, in foreclosure cases, have invariably left the complainant to his remedy at law for the part of the mortgage debt not satisfied by the foreclosure and sale.   Statutory provisions of the character referred to were adopted in Wisconsin during its territorial existence, and continued in force until, by the adoption of the Code, they were repealed.   The result was that it was held by this court, in several cases, after the repeal of the statute, that the legal cause of action on a note or bond could not properly be joined with the equitable one to foreclose the mortgage, unless both causes of action affected all the parties to the action; the statute then in force on the subject of joinder of causes of action being identical with R. S. sec. 2647.   In *Sauer v. Steinbauer*, 14 Wis. 70, 75, it was held that such a joinder could be made where there was but a single defendant, who was personally liable for the mortgage debt; and the cases of *Turner v. Pierce*, 34 Wis. 658, and *Pinkum v. Eau Claire*, 81 Wis. 301, much relied on

Plankinton vs. Hildebrand and another.

by the appellant, are cases, also, where there was but a single defendant. The rule thus laid down as to joinder of causes of action was firmly and invariably upheld until the statute was restored by ch. 243, Laws of 1862 (R. S. sec. 3156). *Borden v. Gilbert*, 13 Wis. 670; *Sauer v. Steinbauer*, 14 Wis. 70, 75; *Cary v. Wheeler*, 14 Wis. 281; *Jesup v. City Bank*, 14 Wis. 331; *Stilwell v. Kellogg,* 14 Wis. 461; *Faesi v. Goetz*, 15 Wis. 231. We have not been referred to, nor are we aware of, any case in this court, on this point, to the contrary.

All these cases proceed upon the ground that, though stated in one count, there are in such cases two causes of action, one equitable and the other legal. The mere form of pleading can make no difference. The objection to the character of the complaint and the joinder of causes of action cannot be thus obviated. *Wiles v. Suydam*, 64 N. Y. 173. And the objection of misjoinder of causes of action may be taken by a defendant affected by both causes of action or by only one of them. *Hoffman v. Wheelock*, 62 Wis. 435; *Nichols v. Drew*, 94 N. Y. 22. The court must look to the intrinsic nature of the claims embodied in the complaint, and the character of the relief demanded. *Faesi v. Goetz*, 15 Wis. 231. It seems that in the Code of New York on the subject of joinder of causes of action, similar to the provision of our statute, it was found necessary to make exceptions as to mortgage foreclosures, and in respect to which, as in Wisconsin, special provisions were found necessary. *Nichols v. Drew*, 94 N. Y. 26. We see no reason for departing from what has been so frequently — and, as we think, rightly — decided upon this point, and that it must be left to the legislature in its wisdom, in the spirit of much-needed legal reform, to adapt sec. 3156 to foreclosures of pledges, mortgages of personal estate, and other liens.

The statute on the subject of joinder of causes of action (sec. 2647) provides for uniting "in the same complaint several causes of action whether they be such as were for-

merly denominated legal or equitable, or both, where they arise out of the same transaction or transactions connected with the same subject of action. . . . But the causes of action so united . . . must affect all the parties to the action." Although the stock pledged was issued to *Fred Hildebrand* originally, there is no claim that he ever became in any way personally liable for the debt evidenced by the note; and the causes of action based upon the note and indorsement of it, for judgment for deficiency, do not affect him in the least. Many cases in this court were referred to as sustaining, in principle, the joinder of causes of action in this case; but we think that they are readily distinguishable from the present case, and, in the main, depended upon principles laid down in the books on the subject of multifariousness in bills in equity, where there was really but one cause of action, and it was sought to charge one or more of the defendants, who had acquired and held a portion only of the property or fund, the subject of the action, acquired by fraud or affected by some trust. But under the equity practice as it existed before the Code, and in the absence of a statute justifying it, a bill framed as this complaint is would have been clearly multifarious, and we have not been referred to any authority sustaining a contrary conclusion. A review of the cases cited in this connection would not, we think, serve any useful purpose.

For the reason stated there is, therefore, in the present case a fatal misjoinder of causes of action, and for this reason the demurrers to the complaint were rightly sustained.

*By the Court.*— The orders of the circuit court are affirmed.