AMERICAN CAN COMPANY, Respondent, vs. STARE and others,
Appellants.

*September 18—October 29, 1912.*

*Pleading: Joinder of causes of action: Mortgages: Foreclosure: Ask-
ing for deficiency judgment.*

A complaint asking foreclosure of real-estate mortgages and of a
pledge of personal property, all given to secure payment of a
promissory note, and asking also for judgment for the defi-
ciency, if any, after sale of the mortgaged and pledged prop-
erty, states but a single cause of action. An intimation in
*Plankinton v. Hildebrand,* 89 Wis. 209, that in an action to fore-
close a real-estate mortgage, where a deficiency judgment is
asked, two causes of action are united, is disapproved.

APPEAL from an order of the county court of Waukesha
county: DAVID W. AGNEW, Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of
*Tullar & Lockney,* and for the respondent on that of *Merton,
Newbury & Jacobson.*

BARNES, J.    This action is brought to foreclose two real-
estate mortgages executed by the defendants *Frank T. Stare*
and *Frances F.,* his wife, given to secure the payment of a
note for $20,000 signed by the defendants *Frank T. Stare*
and *Charles S. Crary,* and also to foreclose a pledge of certain
certificates of corporate stock deposited with the plaintiff as
collateral security for the payment of said note by the de-
fendant *Frank T. Stare.*    The facts are all set forth in a
single count in the complaint, and the plaintiff asks that the
pledged personal property and the mortgaged real estate be
sold to satisfy its debt and that it have judgment for defi-
ciency against the makers of the note if the property pledged
and mortgaged is insufficient to pay the amount due on the
note with interest and costs.    The defendants demurred to
the complaint on the ground that two or more causes of action

were improperly united, and from an order overruling such demurrer they appeal.

The complaint states but a single cause of action. The giving of the note and the real-estate mortgages and the pledging of the personal property occurred at the same time and as part of the same transaction. The purpose of the plaintiff's suit is to collect the $20,000 note which it holds. The fact that it has securities which it seeks to subject to the payment of the debt does not create any additional cause of action. The securities are auxiliary aids or adjuncts which enable the plaintiff to collect its debt. They afford the plaintiff a right which it would not have if no security had been given.

A cause of action consists of the facts from which plaintiff's primary right and the defendant's corresponding duty have arisen, together with the facts showing defendant's wrong. *McArthur v. Moffet,* 143 Wis. 564, 571, 128 N. W. 445.

"The test of whether there is more than one cause of action stated in a complaint is not whether there are different kinds of relief prayed for or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication." *South Bend C. P. Co. v. Geo. C. Cribb Co.* 105 Wis. 443, 446, 81 N. W. 675; *Gager v. Marsden,* 101 Wis. 598, 77 N. W. 922; *Herman v. Felthousen,* 114 Wis. 423, 90 N. W. 432.

The fact that the plaintiff in endeavoring to enforce the primary right denied "prays for full relief, combining several elements or objects, does not render the complaint open to demurrer on the ground of multifariousness." *South Bend C. P. Co. v. Geo. C. Cribb Co., supra.*

The test of whether there is more than one cause of action stated in a complaint in an equitable action is whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication. *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229.

A complaint for an accounting and for the recovery of the

amount of money found to be due on such accounting which involves numerous items of property for which the defendant is sought to be charged, which items of property came into the control of the defendant in different ways, some by fraud and others innocently, and which seeks a rescission of certain conveyances of land and the return of the ostensible title to the plaintiff, sets forth but a single cause of action, the different kinds of relief sought being simply necessary adjuncts to the main purpose of compelling an accounting for that which the defendant wrongfully detains. *Somervaill v. Mc-Dermott,* 116 Wis. 504, 509, 93 N. W. 553.

In the instant case the relief sought by way of selling the mortgaged and pledged property to extinguish in whole or in part the debt is germane and auxiliary to the single purpose of the action, which is to collect the debt evidenced by the note in suit.

There is language used in *Plankinton v. Hildebrand,* 89 Wis. 209, 61 N. W. 839, which might be fairly understood as holding that in every action to foreclose a real-estate mortgage where a deficiency judgment is asked for, there are two causes of action united, one in equity to foreclose the mortgage and one at law for a money judgment. This statement was made *arguendo* and was not necessary to a decision of the case. The statute (sec. 3156, Stats. 1898) which permits a demand for a deficiency judgment in foreclosure actions contains no intimation that an additional cause of action is thereby created. On the other hand, it would appear to be quite plain that the statute merely intended to afford additional relief in the foreclosure action. The intimation in *Plankinton v. Hildebrand,* above referred to, is disapproved.

*By the Court.*—The order appealed from is affirmed.