DANFORTH vs. COLEMAN, impleaded with another.

*Personal judgment in foreclosure.*

*Personal* judgment against mortgagor for deficiency after foreclosure sale cannot be rendered before the deficiency becomes *due* according to the contract.

APPEAL from the 'Circuit Court for *Waukesha* County.

Foreclosure of a mortgage. The defendant *Coleman* appealed from a personal judgment against him for a deficiency in the proceeds of the mortgage sale. The case is stated in the opinion.

*Small & Westover*, for appellants.

*E. Hurlbut*, for respondent.

COLE, J. This is an appeal from a judgment for the deficiency reported due on the sale of mortgaged premises. The mortgage was dated October 25, 1864, and was given to secure the payment of $5,500, in five equal annual payments, with interest payable annually upon the amount unpaid. Only a portion, therefore, of the mortgage debt was due when the judgment of foreclosure was entered; and indeed it is not all due at this time. The court found that the mortgaged premises were so situated that a sale of the whole would be most beneficial to the parties in interest, and ordered the sale of the whole accordingly. The proceeds of the sale, amounting to $5,336.58, after paying costs and disbursements, were

applied according to chapter 145, R. S., as well to the payment of the interest and portion of the principal due, as toward the residue not due but secured by the mortgage.

The sheriff reported that the premises sold for $512.09 less than was required to satisfy the judgment of foreclosure. And a judgment for a deficiency was given to that amount.

It is claimed that this judgment is erroneous, because, it is said, under no circumstances can a personal judgment for a deficiency, after sale of mortgaged premises in foreclosure, be entered up against the mortgagor before the alleged deficiency shall become due upon the personal obligation. It seems to us that this position is sound. Only a portion of the mortgage debt has become due, but because the premises were so situated that they could not be sold in parcels, the entire proceeds of the sale have been applied to pay the debt due and to become due. And since they are inadequate to discharge the whole amount, resort is had to the personal obligation. When the debt is due, the court is authorized to give judgment for the balance of the mortgage debt, if any shall remain after a sale of the premises, and to issue execution as in other cases against other property of the mortgagor.

But where the deficiency is not due and payable, it seems to us improper to give judgment therefor, upon which the property of the mortgagee may be sold. Such a practice is forcing the collection of a debt when by the contract it is not payable.

Suppose we had no statute authorizing the court in a foreclosure suit to give judgment for a deficiency, and the mortgagee had brought an action at law upon the note in this case. Is it not manifest that he must have failed in that action, for the reason that the debt was not due? And upon what principle can it be claimed that he has any greater right or stronger equity in the foreclosure action? It seems to us that a personal judgment for an alleged deficiency ought not to be

rendered against the mortgagor, at least before the deficiency is due upon the contract.

*By the Court.* — The judgment of the circuit court for the deficiency is reversed, and the cause remanded.