FARMERS' LOAN & TRUST CO. v. GRAPE CREEK COAL CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 26, 1895.)

No. 204.

MORTGAGES—FORECLOSURE FOR DEFAULT AS TO INTEREST—DEFICIENCY JUDGMENT BEFORE MATURITY OF PRINCIPAL.

On foreclosure of a mortgage for nonpayment of interest, although the proceeds of sale of the property as an entirety are insufficient to pay the whole debt, no judgment for the deficiency can be rendered if the principal is not due and there is no provision in the mortgage, or the bonds secured thereby, that the principal shall become due on default in payment of interest.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

This was a suit by the Farmers' Loan & Trust Company against the Grape Creek Coal Company, Grape Creek Coal & Coke Company, Mason M. Wright, and John B. Brown, to foreclose a mortgage. A decree was rendered for complainant under which the mortgaged property was sold as an entirety, but afterwards, upon defendants' appeal, the decree was reversed in certain particulars, and the cause was remanded to the circuit court. 63 Fed. 891. The circuit court entered a decree, September 12, 1894, in conformity with the opinion of the circuit court of appeals, adjudging $379,648.56 to be due. From this decree complainant appealed.

J. S. Runnells, William Burry and H. B. Turner, for appellant.

C. A. Remy and J. B. Mann, for appellees.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge. In conformity with our decision when this cause was previously before us (18 U. S. App. ——, 63 Fed. 891), the court below, on September 12, 1894, vacated so much of the original decree as adjudged that the principal of the bonds was due, and so much of its decree of March 2, 1893, confirming the sale of the mortgaged premises, as adjudged the balance of the debt, after application of the proceeds of sale, to be due, and rendered judgment to the complainant therefor, and thereupon in all other respects confirmed the original decree, and ratified and confirmed the sale of the mortgaged premises under the original decree before its reversal by this court. The appellant, complainant below, assigns for error that the court erred in not according to it a money judgment for the debt secured by the mortgage remaining unpaid after application of the proceeds of the sale. The refusal to award such a judgment was clearly right. If under the provisions of the trust deed the trustee could, under any circumstances, be entitled to a judgment for the amount of the bonds secured by the trust deed, and if its functions did not cease upon distribution of the proceeds of the sale of the mortgaged premises among the various bondholders,—questions which we do not decide,—it still remains true that the principal of the bonds does not mature until the year 1916, that there is no provision in the bonds or the trust deed securing them that the principal should become due upon default in the payment of interest, and that a sale of the property mortgaged to secure the payment of the bonds could not have the effect of maturing the principal. A judgment for deficiency, before maturity of the principal, would be wholly unwarranted. Danforth v. Coleman, 23 Wis. 528.

Affirmed.