PACKARD and another, Respondents, vs. KINZIE AVENUE HEIGHTS COMPANY, imp., Appellant.

*April 7 — April 30, 1897.*

(1) *Appeal: Irregular judgment: Delay in moving to vacate: Waiver.*
(2) *Foreclosure of mortgages: Judgment for deficiency before due.*

1. On an appeal from an irregular judgment, taken within the time provided by law, delay in moving to set the judgment aside cannot be held to constitute a waiver of the irregularity.
2. In an action to foreclose a mortgage the rendition of a personal judgment for a deficiency before the deficiency became due by the terms of the contract is a material error.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Reversed.*

The action is to foreclose a real-estate mortgage. At the time of the rendition of the judgment of foreclosure and sale, a part only of the mortgage debt had become due and payable. The judgment directed the mortgaged premises to be sold, and the proceeds of the sale to be applied to the payment of so much of the mortgage debt as should be due at the time of the sale, and the surplus deposited with the clerk of the court. The judgment further provided that, if the proceeds of the sale were insufficient to pay the amount actually due at the time of the sale, judgment for the amount of such deficiency should be rendered against the appellant and another, named. The entire mortgaged premises were sold under the judgment. The proceeds of the sale were sufficient to pay all of the mortgage debt which had matured at the time of the sale, and more. But, after the application of the proceeds of the sale to the payment of the mortgage debt, there remained a deficiency of upwards of $10,000. But this was none of it due by the terms of the contract, and would not become due until August, 1897. March 2, 1896, the court made an order confirming the re-

port of sale, and gave the plaintiffs a judgment for such deficiency, amounting to upwards of $10,000. From this judgment this appeal is taken. The appellant also moved the trial court to vacate the judgment for deficiency, which it refused to do. From that order the appellant also appeals.

For the appellant there was a brief by *Sawyer & Sawyer*, and oral argument by *H. W. Sawyer*.

For the respondents there was a brief by *Kearney, Phipps & Thompson*, and oral argument by *W. D. Thompson*.

NEWMAN, J. The respondents do not claim that the entry of the judgment for deficiency was authorized, at the time of its entry, either by the terms of the foreclosure judgment or by the statute. R. S. sec. 3162. But it is claimed by them that its entry at that time was a mere irregularity, which does not render the judgment void, but only irregular, and valid until reversed upon appeal; that it is such an irregularity as can be waived by laches; that it was waived by the appellant by its failure to move promptly to set it aside.

It is true that failure to move promptly to take advantage of mere irregularities is often sufficient ground for the refusal of relief against them. But time does not cure or remove the irregularity. It surely cannot, on appeal, be held that the irregularity has been waived by delay, if the appeal from the irregular order or judgment is taken within the time allowed therefor by law. It must be quite immaterial, on appeal, whether a motion has been made to set the judgment aside, or that the court has refused to do so on the ground of laches. So it comes to the question whether the error is of sufficient importance to require a reversal of the judgment on appeal. That it is so is settled, for this court, by *Danforth v. Coleman*, 23 Wis. 528. That case, on its facts, is on all-fours with this case. It was there held

that a personal judgment for a deficiency cannot be rendered before the deficiency becomes due by the terms of the contract, and the judgment was reversed on that ground.

The judgment being out of the way, the order refusing to set it aside becomes quite immaterial. The appeal from that order may well be allowed to fall with the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.