## LIVINGSTON against TREMPER.

*A covenant to pay the debt of another is not within the statute of frauds, which does not apply to writings under seal. A covenant, of itself, imports a consideration.*

THIS was an action of *covenant*. The declaration stated, that on the 25th *July*, 1792, one *Thomas Berry*, executed a bond to the plaintiff, for 96*l.* conditioned to pay 48*l.* on the 1st *November*, 1798, with the interest yearly, to be calculated from the 1st *November*, 1791; that on the 3d *December*, 1807, the defendant executed a writing, under his hand and seal by which he covenanted, and promised to and with the plaintiff, that the principal and interest of the bond given by *Berry*, should be paid to the plaintiff, in twelve months thereafter, &c. averring a breach, &c. with the common conclusion.

There was a general *demurrer* to the declaration, and joinder.

*Sudam*, in support of the demurrer, contended, that as this was a promise, on the face of it, to pay the debt of another, and without consideration, it was void by the statute of frauds. It being under the hand and seal of

the party, made no difference; for where the promise, on the face of it, is void by the statute, a seal cannot render it valid.

In *Low* v. *Peers*,* it was decided, that although from the deliberation and solemnity which accompanies the execution of a deed, the law presumes a consideration: yet, that this doctrine applies only where the deed is good on the face of it: for a consideration cannot be presumed to support a deed, which is void on the face of it.

* 4 *Burr.* 2225. *Wilmot,* 364. S. C. 2 *Selwyn's N. P.* 406.

This court have decided, that the consideration, as well as the promise, should be in writing.† If the statute requires that the consideration should be in writing, or expressed on the face of the agreement, it cannot be implied from the mere seal.

† *Sears* v. *Brink,* 3 *Johns. Rep.* 210. *Bailey* and *Bogert* v. *Freeman,* 4 *Johns. Rep.* 280.

*Hawkins,* contra. The cases of *Sears* v. *Brink,* and *Bailey* and *Bogert* v. *Freeman,* were on simple contracts. It is evident from the reasoning of the court, in the case of *Jackson,* ex dem. *Hudson* and others, v. *Alexander,*‡ that the court did not intend to apply the doctrine to deeds, or sealed instruments, which, in themselves, import a consideration. This distinction between contracts by *deed,* and by *parol,* is well settled. The former are not within the statute of frauds.§

‡ 3 *Johns. Rep.* 484.

§ *Roberts* on *Frauds,* 7. 10. 7 *Term Rep.* 350. 2 *Bl. Com.* 450. *Hardres,*36. *Plowd.* 308.

KENT, Ch. J. We do not wish to hear you on this point. It is too well settled to admit of doubt.

VAN NESS, J. There is a fallacy in the argument, of the plaintiff's counsel. The statute of frauds was never meant to alter the common law. Any promise, under *seal* was valid at common law. The *seal* imports a consideration, as much as if it was expressed in so many words. The statute of frauds says merely, that a promise to pay the debt of another, shall not be valid,

unless in writing. The statute has no application to a writing under seal.

*Per Curiam.* The promise to pay, in this case, was in writing and under *seal*, and is not, therefore, within the statute of frauds, nor any decision under it. The *covenant*, of itself, conclusively imports a consideration, so that it is not necessary that it should be set forth in the deed. The plaintiff is entitled to judgment, but the defendant has leave to withdraw his demurrer, on pay ment of costs.

Judgment for the plaintiff.