January Term, 1861.

WALTON
v.
GOODNOW.

Judgment reversed, and a new trial awarded.

---

WALTON vs. GOODNOW, impleaded, &c.

| 13 | 661 |
| e110 | ²140 |

A demurrer to a complaint in a foreclosure suit, under the Rev. Stat. of 1858, on the ground that it demanded a foreclosure of the mortgage, and a personal judgment against the mortgagor for any deficiency which might be found due, was not *frivolous*.

Whether, under that statute, the plaintiff can have, in the same action, a judgment for the foreclosure of a mortgage and a personal judgment against the mortgagor for any deficiency in the proceeds of the foreclosure sale, *quære*.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this case asked for a foreclosure and sale of mortgaged premises, and for a judgment against the mortgagors for any deficiency which might be found due. A demurrer to the complaint was adjudged in the circuit court to be frivolous.

*Jas. G. Jenkins*, for appellant, in support of the demurrer, cited 3 Johns. Ch., 330 ; 5 Cow., 380 ; 8 Paige, 480.  2. Under the Code, the causes of action that can be united in the same complaint *must affect all the parties to the action* (R. S., chap. 125, sec. 30), while the cause of action on the bond only affects the obligors and no other party to the action.  3. In an action upon the bond, the defendant would be entitled to a trial by jury (Const. U. S., art. VII; Const. Wis., art. I, sec. 5), and such a cause of action cannot be joined with one founded on principles of equity, though both grow out of the same transaction.  This has been held by the supreme court of Ohio, and in *Hammond vs. Deaver*, Western Law Monthly for November, 1860, p. 591.

January Term,
1861.

WALTON
v.
GOODNOW.

May 15.

*Emmons, Van Dyke & Hamilton*, for respondent. [No argument on file.]

*By the Court*, COLE, J.   Within the decisions of this court, the demurrer in this case was not frivolous.   For we have held in several cases that a frivolous pleading was one which the court could say, upon a bare examination and inspection of it, without argument, had no merits, and was clearly insufficient.   The complaint asks for a foreclosure and sale of the mortgaged property, and also for a judgment against the mortgagors for any deficiency which might be found due. It is objected that these causes of action cannot be joined, since to do so would be to unite an action at law upon a bond, with a suit in equity to foreclose a mortgage.   And we have been referred, in support of this objection, to one or two unreported cases in Ohio, where it has been held that a cause of action, on the trial of which the party was, by the constitution, entitled to a jury trial, could not be joined with a cause of action founded on equitable principles, though both cases grew out of the same transaction.   These decisions raise questions of grave importance, which we are unwilling to decide without argument.   In the case of *Dunkley vs. Van Buren*, 3 Johns. Ch. R., 330, Chancellor KENT stated that a party, on a bill to foreclose a mortgage, was confined in his remedy to the pledge, and that such a suit was not intended to act *in personam*.   And under the old practice, the understanding seems to have been that a party must proceed in equity against the security, and bring his action at law upon his bond for any deficiency.   By section 77, chapter 84, R. S. 1849, it was provided that when a bill was filed for the foreclosure of a mortgage, on the coming in of the report of sale, the court might decree and direct the payment by the mortgagee of any balance of the mortgage debt that might remain unsatisfied after a sale of the premises, in the cases in which such balance is recoverable at law.   If the Ohio decisions are sound, then such a provision of law would be unconstitutional.   Still it had been in force for many years in New York before it was adopted here, and we cannot discover that its validity has

been called in question. But this provision has been left out of the revision of 1858, and it may even be a serious question whether a party can, in the same suit, have his remedy *in rem* and *in personam*. This question is fairly presented by this demurrer. And we are unwilling to express an opinion upon the point without argument. The circuit court, therefore, erred in giving judgment for the respondent on account of frivolousness of the demurrer. .

The judgment of that court must therefore be reversed, and the cause remanded for further proceedings according to law.