June Term,
1861.

STILWELL et al.
v.
KELLOGG et al.

</div>

---

STILWELL and another vs. KELLOGG and another.

The court may, on proper terms, allow a demurrer to be served after the expiration of the time allowed by law, where the justice of the case requires it.

Where a reply is merely a general denial of the allegations of the answer, a demurrer to it is of no importance.

The provision in the constitution of this state (Art. I, sec. 5) which preserves the right to trial by a jury, does not extend that right to cases which, by the law and practice existing at the time of the adoption of the constitution, were triable by the court alone.

The practice of uniting the legal cause of action for a debt secured by mortgage with the equitable remedy of foreclosure, prevailed in the territory of Wisconsin, before the adoption of our state constitution. Under that practice the whole became an equitable proceeding, in which the parties could not claim a jury.

An objection for a misjoinder of causes of action is waived by a failure to demur to the complaint upon that ground.

Failure of consideration is no defense to an action upon a negotiable note, or upon the mortgage given to secure it, in the hands of an indorsee who took the note for value, before due, without notice of the defense.

APPEAL from the Circuit Court for *Green Lake* County. Action against *Sarah C. M. Kellogg* and *Edwin Kellogg* to foreclose a mortgage given by said *Sarah* to secure two negotiable notes made by said *Edwin*, which, with the mortgage, had been assigned to the plaintiffs before due. The complaint also demanded a personal judgment against the defendant *Edwin* for any deficiency. The answer of the defendant *Sarah* alleged that at the time of the execution of the notes and mortgage she was the wife of said *Edwin* ;

that the notes were given for part of the purchase money of certain lots for which the payees of the notes executed to her a general warranty deed, with covenant of seisin, and upon which lots she had since made valuable improvements; that the grantors, at the time of executing the deed, had no legal title to any part of said lots, and an equitable title to only part thereof, of which the plaintiffs had notice prior to the assignment of the notes; and offered to reconvey the lots upon the repayment of the portion of the purchase money which she had paid at the execution of the deed. The plaintiffs filed a reply Nov. 25th, 1860, denying all the material allegations in the answer, and the defendant *Sarah* demurred to the reply. The plaintiffs' counsel returned the demurrer because not served in time, and obtained an order to shew cause why it should not be stricken from the files, on the hearing of which order the defendants' attorney read his own affidavit, stating that at the time the reply was left at his office he was confined to his home by sickness, as he believed the plaintiffs' counsel well knew; that the demurrer was filed within ten days after he obtained knowledge of the service of the reply, and that when the demurrer was served, he believed the service was in time. The court ordered the demurrer to be stricken from the files. The defendant *Sarah* demanded that the issue in the case should be tried by a jury, but the application was denied and the court proceeded to try the case. The plaintiffs introduced the notes (on each of which was an assignment by the payees as follows: "Sep. 9th, 1859. For value received we hereby assign the within note to Stilwell & Brown, and guaranty the payment of the same with all legal costs," &c.,) and the mortgage, which recited that the notes were given for part of the purchase money of the mortgaged premises. The defendants offered no evidence to show that the plaintiffs had notice of any defense to the notes before the assignment, but introduced the deed which the payees of the notes executed to said *Sarah* for the lots described in the mortgage, (which was a general warranty deed with covenant of seisin,) and gave proof tending to show that to a portion of one of the lots the grantors had no title.

The court found as a fact, among other things, that the June Term, plaintiffs purchased the notes in good faith, for value, before 1861. they became due ; and rendered judgment in the usual form STILWELL et al. for a foreclosure and sale of the mortgaged premises, and KELLOGG et al. that the defendant *Edwin* pay any deficiency, &c.

*John C. Truesdell*, for appellant:

1. Assumpsit and covenant are here joined in the same action, which is a fatal defect. 1 Paine & Duer's Pr., 113. An action at law against one defendant who has a right of trial by jury, cannot be joined with an action in equity against another defendant who has not a right to a trial by jury. Constitution Wis., Art. I, sec. 5 ; *Hammond vs. Deaver*, " Western Law Monthly" for November, 1860, p. 591, and the case in the supreme court of Ohio there referred to. The judgment for a deficiency against the defendant *Edwin Kellogg*, who is neither mortgagor, nor indorser nor surety for the mortgagor, is erroneous, being founded on a cause of action distinct from the mortgage, and that cannot be joined with it. *McLean vs. Toule*, 3 Sandf. Ch., 117. A misjoinder of causes of action is fatal on demurrer, motion in arrest of judgment, or writ of error. 1 Paine & Duer's Pr., 115, and cases there cited ; 16 Johns., 146. 2. The demurrer should not have been set aside : (1.) For the reason set forth in the affidavit of the defendants' attorneys. (2.) Because no time is specified in our statutes in which a defendant shall demur to a reply. R. S. chap. 125, sec. 17 ; chap. 119, sec. 2 ; *Dewey vs. Humphrey*, 5 Pick., 187. 3. The defense of the defendant *S. C. M. Kellogg* should have been allowed : (1) Because the plaintiffs were not *bona fide* holders of the notes and mortgage without notice. The statement in the mortgage that the note was given for the purchase money of the mortgaged premises, was sufficient notice to the plaintiffs to put them on inquiry in regard to the title. *Dillie vs. Van Wie*, 6 Wis., 209. (2) The plaintiffs did not receive the notes and mortgage in the usual course of business like other negotiable paper, but by written assignment and guaranty of payment, as they would a bond secured by mortgage, which is not negotiable. *Robinson vs. Otis*, 3 Chand., 83.

June Term,
1861.

Stilwell et al.
v.
Kellogg et al.

*Wheeler & Kimball*, for respondents:

1. Since the Code, legal and equitable claims may be united in the same complaint. If it were not so, the defendants, by neglecting to demur, have waived the objection. R. S., chap. 125, secs. 5 and 6. 2. The demurrer to the reply was properly set aside. (1) The time to serve the demurrer had expired previous to the service thereof. (2) There was no application on the part of the defendants' counsel to be allowed to demur after the time had expired. (3) The reply was a denial of all the material allegations of the answer, and the demurrer which merely alleged that the reply was unnecessary, was frivolous. 3. The fact that the payment of the notes was guarantied by the indorsers makes no difference. They were none the less negotiable paper indorsed to the plaintiffs.

December 11.

*By the Court*, Paine, J. The demurrer to the reply was properly stricken off, as it was not served in time. Still had it involved the justice of the case, the court might have allowed the pleading to be then served on proper terms. But it seems to have been of no importance, as the reply was merely a general denial of the allegations in the answer.

The defendant demanded a trial by jury, which was refused. It is well understood that the provision in the constitution preserving the jury trial did not extend it to equity cases, in which the party has never been held entitled to a jury trial as a matter of right. The only ground for raising any question upon the point, is the fact that the complaint asks for a personal judgment for the deficiency. This seems to be uniting a legal cause of action for the debt with the equitable remedy to cut off the right of redemption. See *Sauer vs. Steinbauer, ante,* p. 70; *Walton vs. Goodnow,* 13 Wis., 661.

But whatever doubt there may be as to the power of the legislature to authorize the joining of a legal cause of action, with respect to which no such practice existed prior to the constitution, with an equitable one, and then have the whole tried by the court without a jury, against the express demand for a jury by the defendant, we think the defendants

here were not entitled to a jury for the following reason: The practice of uniting the legal cause of action for the debt with the equitable remedy of foreclosure, was adopted by statute in other states many years ago, and was introduced and prevailed in this territory before the adoption of our state constitution. See Statutes of 1839, p. 292, sec. 82. The legal remedy was adopted as an extension of the powers of a court of equity in an equitable suit, so that under that practice the whole became an equitable proceeding, in which the parties could not claim a jury. The constitution provides that the "right of trial by jury shall *remain* inviolate," which evidently has reference to the condition of the law as it existed when the constitution was adopted. *Gaston vs. Babcock*, 6 Wis., 506. It therefore did not preserve it as a matter of right, in those cases which, by the law and practice then existing, were submitted entirely to the judgment of the court. See *Watts vs. Griffin*, 6 Litt., 247; *Commissioners vs. Seabrook*, 2 Strob., 560; *Tims vs. The State*, 26 Ala., 168; *Ross vs. Irving*, 14 Ill., 171; 5 Barr, 208. The defendants might have demurred for a misjoinder of causes of action, but as they did not do it the objection was waived. *Cary vs. Wheeler*, ante, p. 281.

The only defense attempted to be set up was, that the title to a part of the lots for which the notes and mortgage were given had failed. The answer averred notice to the plaintiffs before they purchased the notes and mortgage, but there was no proof of such notice. And this being so, he having purchased the notes before due, the defense, even if good as against the original party, could not be set up against the plaintiff. *Croft vs. Bunster*, 9 Wis., 503; *Cornell vs. Hichens*, 11 Wis., 353; *Dutton vs. Ives*, 5 Mich., 515.

The judgment is affirmed, with costs.