January Term, 1862.

FAESI VS. GOETZ, impleaded, &c.

FAESI
v.
GOETZ.

15  231
89  214

Where a complaint for the foreclosure of a mortgage upon real estate demanded a personal judgment against the mortgagor alone for the deficiency, and there were other parties defendant, a demurrer by the mortgagor for a misjoinder of causes of action, was well taken, under the Revised Statutes of 1858.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the syllabus and the opinion.

*Jas. G. Jenkins*, for appellant.

*Waldo, Ody & Van*, for respondent.

*By the Court*, PAINE, J. This was an action to foreclose a mortgage, in which a personal judgment was claimed for the deficiency. There was a demurrer for misjoinder of causes of action, and the plaintiff had judgment for the frivolousness of the demurrer.

May 5.

We have several times decided such demurrers not to be frivolous, and subsequently that they were well taken, where the different causes of action did not affect all the different parties. *Walton vs. Goodnow*, 13 Wis., 661 ; *Sauer vs. Steinbauer*, 14 id., 70 ; *Cary vs. Wheeler*, id., 281. Even if we were inclined to review our latter decision, holding the demurrer well taken, we certainly should not hold it frivolous. But the argument of counsel in this case did not change our opinion. It was based entirely on the fact that all the facts stated in the complaint were necessarily stated to establish the equitable cause of action, to bar a redemption. This being so, it was said, that as the complaint did not profess to state any second cause of action separately, therefore it must be held to state only one, although the relief demanded included a judgment both for the legal and the equitable cause of action. We think this position cannot be sustained, for the reason that although all the facts stated were necessary to the equitable cause of action, it is equally apparent that they are entirely sufficient for both causes of action. And therefore, to determine whether they were set forth for the purpose of showing both causes of action, the prayer for relief must be looked to. And this clearly shows that the intention of the pleader was to proceed for both causes of ac-

tion, as has always been the practice here, until the statute providing for it was repealed.   The intention being thus apparent, and the facts stated entirely sufficient to accomplish that intent, it would be allowing the pleader to take advantage of his own fault, to escape from a demurrer, on the ground that he did not state the two causes of action separately.

The judgment must be reversed, with costs.