Kasson vs. Tousey.

---

KASSON, Respondent, vs. TOUSEY, imp., Appellant.

*May 24 — June 11, 1897.*

*Mortgages: Foreclosure: Deficiency judgment.*

In an action to foreclose a second mortgage the owner of the first
    mortgage did not appear, but upon motion of the plaintiff judg-
    ment was rendered directing that the proceeds of the foreclosure
    sale be applied so far as necessary to pay off the first mortgage.
    The plaintiff bid in the premises at the sale for less than the
    amount due on his mortgage.   The sheriff paid the net proceeds
    to him and he retained the same.   *Held,* that a deficiency judg-
    ment against the mortgagor for the amount due on the first mort-
    gage was erroneous.

Kasson vs. Tousey.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This action was brought to foreclose a mortgage executed December 9, 1891, by the defendant *Benjamine C. Tousey* to the defendant D. C. Sullivan, for $1,433.34 and interest, upon certain lots and tracts of land in Douglas county, and assigned by said Sullivan to the plaintiff. It appears upon the face of the complaint that it was a second mortgage, and was subject to a mortgage of even date therewith, by the same mortgagor to the defendant R. C. Jefferson, for $1,800. The plaintiff, in his complaint, without stating how much was due for principal and interest on the said mortgage, alleged that the proceeds arising out of the sale of the premises mortgaged should be first applied to the payment in full of the mortgage to the defendant Jefferson, and judgment of foreclosure of the second mortgage was demanded, and sale of the mortgaged premises, and that the surplus, if any, arising from such sale be brought into court to abide the further order of the court, and that judgment be given against the mortgagor for any deficiency, and for general relief, but no relief was prayed against the defendant R. C. Jefferson, nor was it sought to redeem said premises from his mortgage. The defendant Jefferson was served with the summons and notice of object of the action, which stated in brief that the object of the action was to foreclose the second mortgage, and no other relief was prayed, and that no personal claim was made against him. He did not appear in the action. The defendant *Tousey* appeared and answered.

The amount due on said second mortgage was found to be $1,694.05 for principal and interest. It was also found that there was due on the prior mortgage the sum of $1,800, according to a note dated December 9, 1891, due two years from date, with interest at eight per cent. per annum, which was to be first paid out of the foreclosure and sale of the property. The court ordered judgment of foreclosure, ad-

judging a sale of the entire mortgaged premises, the pro-
ceeds of sale to be applied, after deducting the costs of the
action and expenses of sale, to the payment of the prior
mortgage first, then to the payment of the sum due on the
second mortgage as therein found and determined, with in-
terest, and, in case of deficiency, after applying the proceeds
of said sale, the usual judgment against *Benjamine C. Tousey*
might be had according to law. Thereupon judgment of
foreclosure and sale was rendered in the usual form, of the
second mortgage, for the amount due to the plaintiff for
principal and interest, and for the payment of the proceeds,
after the expenses of sale, as follows: The sum of $1,800,
with interest at seven per cent. per annum, or so much as
the purchase money of the mortgaged premises will pay of
the same, on the first note and mortgage, and the balance
to "the payment of the notes and mortgage herein foreclosed
upon." The sheriff was to take a receipt therefor, and file
it with his report of sale, and deposit the surplus money, if
any, with the clerk of the court. If the proceeds were in-
sufficient to pay the amounts aforesaid, the sheriff was to
specify the deficiency, and judgment was to be rendered
against the defendant *Benjamine C. Tousey*, who is person-
ally liable for the payment of the debt secured by said mort-
gage, "for the amount of such deficiency, with interest
thereon from the date of the report, and that the plaintiff
have execution therefor."

The judgment did not purport to foreclose the rights of
any one except the defendant *Tousey* and his heirs, respect-
ively, and all persons claiming under him or them after the
filing of the notice of pendency of the action. The mort-
gaged premises were sold by the sheriff July 3, 1895, to the
plaintiff, *James Kasson*, for $1,300, and were conveyed to
him accordingly. The sheriff reported he had paid the costs
and expenses of foreclosure out of said sum, and had paid
to said plaintiff the residue of $1,168.71, and had executed

to said plaintiff, *Kasson*, a conveyance of said premises. He certified that the moneys arising from the sale were insufficient to pay the whole amount "adjudged to be due to said plaintiff, together with interest and costs, and that, after applying the purchase money arising from such sale, there is yet due to said plaintiff, and unsatisfied, the sum of $2,644.67." The sale was afterwards confirmed.

On the 13th of August, 1895, after reciting the amount so reported due from the defendant *Benjamine C. Tousey* to the plaintiff, *James Kasson*, for deficiency as aforesaid, judgment was rendered that the plaintiff, *James Kasson*, recover from said defendant *Benjamine C. Tousey* the sum of $2,644.67, which appears to be $860.48 more than was found due on the plaintiff's notes and mortgage. It is evident from the record that this amount of deficiency was arrived at by adding to the amount found due to the plaintiff on his second mortgage the entire amount found due on the first mortgage to the defendant Jefferson, and by deducting therefrom the net proceeds of the sale of the mortgaged premises, after paying costs and expenses, of $1,168.71. Applying said net proceeds of the sale to the amount due on the second mortgage to *Kasson*, there would be a deficiency remaining of only $558.55, but in arriving at this result no account would be taken of the amount due to the defendant Jefferson on the first mortgage. The defendant *Tousey* appealed from said judgment for deficiency of $2,644.67.

*Victor Linley*, for the appellant.

For the respondent the cause was submitted on the brief of *H. E. Ticknor* and *J. P. Geiser*.

PINNEY, J. An examination of the record shows that the first mortgage on the premises, held by the defendant Jefferson, has not been foreclosed, and it is apparently outstanding and in full force. The defendant Jefferson did not set up any claim in the action for its foreclosure, or for the

proceeds of the foreclosure sale, and the judgment of fore-
closure does not purport to affect this mortgage in any way
whatever, except that it appears to have been provided by
the judgment entered upon the motion of the plaintiff, *Kas-
son*, on his mortgage, which was subsequent and expressly
subject to Jefferson's, that the proceeds of the foreclosure
sale, after the payment of costs, etc., should be first applied,
so far as necessary, to pay off Jefferson's mortgage. But
the judgment was not executed in that manner. Instead of
paying the net proceeds of the sale upon the Jefferson mort-
gage, they were paid to and appropriated by the plaintiff,
*Kasson*, leaving the deficiency due in fact on the decree in
his favor only $558.55, and Jefferson's mortgage wholly un-
paid and still remaining a lien upon the premises purchased
by and conveyed to *Kasson* on the foreclosure sale, for all
that now remains due on it. Evidently *Kasson* now holds
the premises subject to that mortgage. Jefferson has never
applied to the court to obtain the net proceeds of the mort-
gage sale, and has apparently acquiesced in the appropria-
tion thereof by *Kasson*, content with his prior unsatisfied
mortgage lien. It is certain that the plaintiff, *Kasson*, is not
entitled to a judgment as for deficiency or otherwise against
the defendant *Tousey*, for money that *Tousey* owes Jefferson.
Having received and appropriated the net proceeds of the
foreclosure sale, he is in no position to claim a judgment
against the defendant *Tousey* for any greater sum than the
debt due to him, after deducting the net proceeds of the fore-
closure sale, leaving $558.55 deficiency, instead of $2,644.67.
This will leave Jefferson in a position to enforce his mort-
gage against the premises purchased by *Kasson* at the fore-
closure sale for whatever sum may be due on it.

The proceedings in the action have been conducted in a
very imperfect and unsatisfactory manner, but we think that
the view we have taken of the rights of the parties will ac-
complish the ends of substantial justice without a violation
of legal principles.

It follows that the judgment for deficiency appealed from must be reversed, and the cause remanded to render a judgment for deficiency in favor of the plaintiff against the defendant *Tousey* for $558.55, instead of $2,644.67.'

*By the Court.*— Judgment is ordered accordingly.