Kuener vs. Smith.

---

KUENER, Appellant, vs. SMITH, imp., Respondent.

*December 10, 1900 — January 8, 1901.*

*Statute of frauds: Covenants: Mortgages: Judgment for deficiency.*

| 108 | 549 |
|-----|-----|
| 111 | ²206 |
| 108 | 549 |
| 117 | ²412 |

1. A covenant under seal is not within the statute of frauds (sec. 2307, Stats. 1898), providing that every special promise to answer for the debt of another person shall be void unless the agreement, or some note or memorandum thereof, expressing the consideration, be in writing, etc. The seal itself imports a consideration. Sec. 4195.

2. One who executes a deed under seal, containing a covenant on his part, jointly with the grantor of the land conveyed by the deed, to pay a certain mortgage on the land, becomes thereby "personally liable for the debt secured by the mortgage" and "upon the same contract which the mortgage is given to secure," within the meaning of sec. 3156, Stats. 1898; and upon foreclosure of the mortgage judgment for deficiency may go against him.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the respondent there was a brief by *Turner, Pease & Turner*, and oral argument by *W. J. Turner*. They contended, *inter alia*, that judgment for deficiency cannot be rendered against the defendant *Smith:* (1) Because it is not authorized by sec. 3156, Stats. 1898, he not being liable " upon the same contract which the mortgage is given to secure." (2) Because the promise of *Smith* was not made for the benefit of the mortgagee or upon any consideration whatever. The person to whom the promise was made was not liable for the mortgage debt. *Jefferson v. Asch*, 53 Minn. 446, 25 L. R. A. 257, 259, 272; *Vrooman v. Turner*, 69 N. Y. 280, 284. (3) Because the contract is void under the statute of frauds. It does not express the consideration.

CASSODAY, C. J.    This is an appeal from that part of a judgment of foreclosure and sale which refused to give judgment in favor of the plaintiff for the deficiency against the defendant *Joseph G. Smith*. The issues raised by the complaint and the answer of the defendant *Smith* having been tried, the court, at the close thereof, made findings of fact and conclusions of law, among other things, to the following effect:

On May 2, 1892, the premises in question were purchased from one James G. Flanders by the defendants, Peter Doyle, *Joseph G. Smith*, and Gilbert Joyce, but the deed thereof was taken in the name of Peter Doyle, in trust for the purpose of transferring the title to a corporation to be organized. Such corporation was organized, with a board of directors and officers, to take the title to such premises. Stock was issued therein, and paid for by them respectively. The three defendants named were promoters of such corporation. *Smith* and Doyle advanced a part of the money to make such purchase. Doyle and wife, at the time of receiving the deed, gave back a note and mortgage for $5,000, as part of the purchase price, to Mary C. Flanders, wife of

the vendor.   Joyce was to have stock for his services.   On June 24, 1892, the $5,000 note and mortgage were duly assigned to the plaintiff by Mary C. Flanders, and the assignment thereof was duly recorded.   On October 5, 1894, the time of the payment of such note and mortgage was extended for three years, and the interest increased from six to seven per cent.   The premises were never conveyed to the corporation.   The officers and directors arranged among themselves to abandon the corporation, and surrender the stock, and divide the premises among the stockholders by deeds to them, respectively, of fractional shares thereof according to their proportionate interest therein.   Such deeds were made on or about May 28, 1895, with Peter Doyle and wife as grantors and such stockholders, respectively, as grantees.   Such deeds were each under seal and duly executed, not only by Peter Doyle and wife, but also by the defendant *Joseph G. Smith,* and each recited that it was given "for and in consideration of the sum of one dollar and for other valuable considerations to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged," and also contained this clause: "And the said parties of the first part (Peter Doyle and wife), for themselves, their heirs, executors, and administrators, do covenant, grant, bargain, and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seised of the premises above described, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law in fee simple, and that the same are free and clear from all incumbrances whatever, *except a certain mortgage of $5,000, which said Peter Doyle and Joseph G. Smith, of Delavan, hereby agree to pay,* and that the above-bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming the whole

Kuener vs. Smith.

or any part thereof, they will forever warrant and defend." Such deeds were duly witnessed, acknowledged, and recorded.    Doyle and *Smith* made default in the payment of such note and mortgage, and this action to recover the $5,000, with interest at seven per cent. from November 1, 1898, was commenced.

And as conclusions of law the court found, in effect, that the plaintiff was entitled to judgment of foreclosure and sale of the mortgaged premises to satisfy such note and mortgage, with costs and solicitor's fees; that, if the proceeds of such sale were insufficient to pay the whole amount, then that the plaintiff have judgment and execution for the balance thereof against Peter Doyle personally, but that the defendant *Joseph G. Smith* was not personally liable for the payment of the debt secured by the note and mortgage, or any part thereof, and that he was entitled to judgment against the plaintiff for $27.39, the amount of his costs. From that part of the judgment in favor of the defendant *Smith* the plaintiff brings this appeal.

The trial court held that the agreement on the part of *Joseph G. Smith*, contained in the deeds given by Peter Doyle and wife, and quoted above, was void, for the reason that, so far as *Mr. Smith* was concerned, it was a "special promise to answer for the debt, default, or miscarriage of another person," to wit, Peter Doyle; and, although in writing and subscribed by *Mr. Smith*, yet that it was repugnant to the statute, because it failed to express the consideration upon which such promise of *Mr. Smith* was based. Sec. 2307, Stats. 1898.    That statute is a literal transcript from the statute of New York as it existed when ours was first adopted, except the omission of the words " to be " before the word " charged," which is necessarily implied.  Sec. 2, tit. II, ch. VII, pt. II, 2 R. S. N. Y. 1829.    In construing that statute it was held in that state at an early day that, although such promise is in writing, nevertheless it must express a

consideration in order to be valid, and yet that such expression need not be in any particular form, and that the words "for value received" satisfied the statute. *Douglass v. Howland*, 24 Wend. 35, 40; *Brewster v. Silence*, 8 N. Y. 207; *Miller v. Cook*, 23 N. Y. 495; *Smith v. Northrup*, 80 Hun, 65. This court followed such construction nearly fifty years ago, and repeatedly since. *Day v. Elmore*, 4 Wis. 190, 196; *Houghton v. Ely*, 26 Wis. 189; *Dahlman v. Hammel*, 45 Wis. 466; *Young v. Brown*, 53 Wis. 334. So it was held in New York nearly a century ago that "a covenant to pay the debt of another is not within the statute of frauds, which does not apply to writings under seal;" that "a covenant, of itself, imports a consideration." *Livingston v. Tremper*, 4 Johns. 416. The courts of that state have uniformly construed the words "agreement" and "special promise," as used in that statute, to refer to "simple contracts," and not to a "covenant under seal," which is so held not to be within that statute. *Douglass v. Howland*, 24 Wend. 35. In that case the whole question is learnedly discussed by Judge COWEN. Followed in *Ex parte Young*, 17 Ch. Div. 668. To the same effect, *Smith v. Northrup*, 80 Hun, 65. The statute of New York appears to have been modified in 1863, but that does not interfere with the authority of adjudications upon the former statute. *Drake v. Seaman*, 97 N. Y. 230. Our statute provides that a seal upon an executory instrument is "presumptive evidence of a sufficient consideration." Stats. 1898, sec. 4195. By executing the deed under seal, containing the covenant on his part jointly with Peter Doyle to pay the $5,000 note and mortgage, the defendant *Joseph G. Smith* became "personally liable for the debt secured by the mortgage," and "upon the same contract which the mortgage" was "given to secure," and hence was properly united as defendant in the action. Sec. 3156. We must hold that *Joseph G. Smith*, as well as Peter Doyle, is personally liable for any deficiency of the mort-

gage debt after applying the proceeds of the sale of the mort-gaged premises.

*By the Court.*— That part of the judgment of the superior court of Milwaukee county in favor of the defendant *Joseph G. Smith* is reversed, and the cause is remanded with direction to enter judgment in accordance with this opinion.

BARDEEN, J., took no part.