FANNING, Respondent, vs. MURPHY, imp., Appellant.

*February 27—April 17, 1903.*

*Mortgages: Foreclosure: Judgment for deficiency: Action by one of the makers of mortgage note.*

Under sec. 3156, Stats. 1898 (authorizing plaintiff in an action to foreclose a mortgage to unite with his claim for foreclosure a demand for judgment for deficiency "against every party who may be personally liable for the debt secured by the mortgage, . . . if upon the same contract which the mortgage was given to secure"), one of the makers of a note and mortgage, to whom, after default in payment, such note and mortgage were assigned, may bring suit to foreclose the mortgage and may demand judgment therein for deficiency against purchasers of the land who assumed to pay the mortgage debt, and also against his co-makers of the note and mortgage—the recovery against such co-makers not to exceed, in any event, their equitable proportion of the deficiency.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an appeal by the defendant *J. T. Murphy,* impleaded with others, from an order overruling his demurrer to the complaint in an action to foreclose a note and mortgage on real estate. The complaint alleges, in effect, that April 15, 1890, the plaintiff, *W. R. Fanning,* and the defendants M. Murphy, *J. T. Murphy,* and D. C. Sullivan, together executed and delivered to the Superior & Duluth Loan & Debenture Company (a corporation organized under the laws of this state) a promissory note, with six interest coupons thereto attached, whereby they jointly and severally promised to pay to the order of the corporation mentioned the sum of $5,000 three years from that date, with interest at eight per cent. as mentioned in such coupons; that at the same time the plaintiff and the three defendants above mentioned executed, under their hands and seals, and acknowledged and delivered to such corporation, a mortgage upon the premises therein described,

to secure the payment of said note; that the mortgage was recorded April 17, 1890; that April 16, 1890, the four mortgagors mentioned, for a valuable consideration, duly conveyed by warranty deed the mortgaged premises described to the defendant W. R. O'Hearn, subject to such mortgage, which O'Hearn therein assumed and agreed to pay, and that deed was recorded April 21, 1890; that April 18, 1890, O'Hearn and wife, for a valuable consideration, duly conveyed by warranty deed the mortgaged premises described to the defendant Edgar A. Le Clair and one R. C. Jones (since deceased), subject to said mortgage, which said grantees therein and thereby assumed and agreed to pay, and said deed was recorded April 30, 1890; that September 18, 1893, the corporation mentioned, for value received, duly assigned said note and mortgage to the Northern Trust Company, which assignment was duly recorded January 31, 1894; that October 14, 1896, and for the benefit of the plaintiff, the Northern Trust Company, in consideration of $5,225, duly assigned said note and mortgage to one Mary A. McNealy, which assignment was recorded October 15, 1896; that October 17, 1896, Mary A. McNealy, for and in consideration of $5,225, duly assigned said note and mortgage to the plaintiff, *W. R. Fanning,* which assignment has never been recorded; that the makers of the note and the mortgagors have failed to comply with the terms of the note and mortgage, by neglecting to pay the $5,000 due on the note September 15, 1893, or any part thereof, and by neglecting to pay any part of the interest thereon since September 1, 1895, except $100 paid by O'Hearn July 28, 1896, and by neglecting to pay the taxes and assessments which were assessed and levied against the mortgaged premises for the years 1896 to 1901, respectively; that the plaintiff has paid all the taxes assessed against said premises for the respective years mentioned, and now holds tax certificates or tax receipts therefor; that the plaintiff is now the lawful owner and holder of said note and mortgage, and there is now due thereon to

him $5,000, with interest thereon from March 1, 1896, at the
rate of eight per cent. per annum, and the further sum of
$565.61 and interest for the aggregate amount of taxes for the
respective years mentioned; that no proceedings have been
had at law or otherwise for the recovery of the sum secured by
said note and mortgage, or any part thereof; and that no part
thereof has been paid or collected, except the interest to March
1, 1896, as hereinbefore set forth.    In addition to the usual
prayer for judgment, there is a demand that the judgment
shall order that if the moneys arising from such sale shall not
be sufficient to satisfy said judgment, costs, and disbursements
and expenses as aforesaid, judgment be rendered, upon the fil-
ing and confirmation of the report of sale specifying the
amount of such deficiency, against the said defendants, M.
Murphy, *J. T. Murphy*, D. C. Sullivan, W. R. O'Hearn, and
Edgar A. Le Clair, who are personally liable for the payment
of the debt secured by said mortgage, for the amount of such
deficiency, with interest thereon from the date of said last-
mentioned report in the manner and for the particular sums
which this court may by its final judgment herein provide;
and that the plaintiff have execution therefor.

For the appellant there were briefs by *John Brennan,* and
oral argument by *A. L. Sanborn* and *J. B. Sanborn.*   They
contended, *inter alia,* that judgment for deficiency can go
against such persons only as are liable for the mortgage debt.
*Cottrell v. New London F. Co.* 94 Wis. 176.   Appellant is
not so liable.   When a note gets into the hands of the maker,
whether by payment or purchase, the right and liability are
thus united and he cannot sue his co-maker thereon.   4 Am.
& Eng. Ency. of Law (2d ed.) 501; Daniel, Neg. Inst.
§ 1238; *Stevens v. Hannan,* 86 Mich. 305, 48 N. W. 951, 49
N. W. 874; *First Nat. Bank v. Harris,* 7 Wash. 139, 34 Pac.
466; *Hopkins v. Farwell,* 32 N. H. 425; *Eastman v. Plumer,*
32 N. H. 238; *Lancey v. Clark,* 64 N. Y. 209; Brandt, Sure-
tyship & G. (2d ed.) § 333; *Kneeland v. Miles* (Tex.) 24

S. W. 1113; *Guild v. Eager,* 17 Mass. 616; *Dillenbeck v. Dygert,* 97 N. Y. 303; *Harmer v. Steele,* 4 Exch. 1; *Gordon v. Wansey,* 21 Cal. 77; *Walton v. Young,* 26 La. Ann. 164; *Mattix v. Leach,* 149 Ind. 146, 43 N. E. 969; *Savage v. Merle,* 5· Pick. 85. If this be an action for contribution against appellant, then such independent cause of action can not be joined with an action to foreclose the mortgage. *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086; *Barnes v. Beloit,* 19 Wis. 93; *Pier v. Fond du Lac Co.* 53 Wis. 432; *Shanahan v. Madison,* 57 Wis. 276. The claim made is a legal claim on the note, not an equitable claim by virtue of subrogation. There is no right of subrogation in such a case as this, the parties being equally bound as co-makers of the note. Brandt, Suretyship & G. (2d ed.) § 264; Bispham, Equity, sec. 337; *Dering v. Earl of Winchelsea,* 1 L. Cas. Eq. *100; *Aldrich v. Cooper,* 8 Ves. 382.

For the respondent the cause was submitted on the brief of *II. H. Grace.*

CASSODAY, C. J. One ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the appellant. There can be no question but that the complaint states a good cause of action for the foreclosure of the mortgage. That is the primary object of the action. The statute authorized the plaintiff to unite in such action a demand for judgment for any deficiency on the sale "against every party" who might "be personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage was given to secure." Sec. 3156, Stats. 1898. There can be no question but that the four makers of the note and mortgage (including the appellant) were personally liable upon the same contract which the mortgage was given to secure. The defendant O'Hearn, having purchased the mortgaged premises from the mortgagors and, in the deed to him, having as-

sumed and agreed to pay the mortgage. debt as a part of the purchase price, thereby became personally liable upon the same contract which the mortgage was given to secure, and hence is a proper defendant in this action. This has, in effect, been repeatedly held by this court. *Palmeter v. Carey,* 63 Wis. 426, 21 N. W. 793, 23 N. W. 586; *Stites v. Thompson,* 98 Wis. 329, 332, 73 N. W. 774; *Halbach v. Trester,* 102 Wis. 530, 78 N. W. 759; *Kuener v. Smith,* 108 Wis. 549, 84 N. W. 850; *Carpenter v. Meachem,* 111 Wis. 60, 62, 63, 86 N. W. 552. The same is true as to the personal liability of the defendant Le Clair, who, with R. C. Jones, deceased, received a deed of the premises from O'Hearn and wife, and therein assumed and agreed to pay the mortgage debt. The several parties named are all interested in having the mortgaged premises bring as large a price on such sale as possible, in order to save themselves, wholly or in part, from such personal liability. The statute cited requires "such judgment for deficiency" to "be ordered in the original judgment and separately rendered against the party liable on or after the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases." Sec. 3156, Stats. 1898. The manifest purpose of the statute is to have the rights of all parties interested fully determined in the action to foreclose the mortgage.

Had the note and mortgage been foreclosed by the original mortgagee, or the Northern Trust Company or Mary A. McNealy, there could have been no doubt but that the makers of the note might all have been held personally liable thereon. But it is claimed that as the plaintiff was one of the makers of the note and mortgage, and had purchased the same, he was thereby precluded from maintaining an action against his co-makers on the note, and that, if this be regarded as an action for contribution by one of the makers of the note against the other three, then such action for contribution cannot be joined with an action to foreclose the note and mort-

gage. There can be no question but that, after the sale of the mortgaged premises, Le Clair and O'Hearn would be primarily liable for any deficiency. The makers of the note and mortgage were secondarily liable for any deficiency. They, or any of them, had the right to protect themselves by purchasing the note and mortgage. 1 Jones, Mortgages, § 768; *Mills v. Watson,* 1 Sweeney, 374; *Baker v. Terrell,* 8 Minn. 195; *Muir v. Berkshire,* 52 Ind. 151. Thus it has been held in New York that:

"If the holder of a bond and mortgage assigns them to a party claiming a right to redeem, the latter is subrogated *by the assignment* to the mortgage debt and mortgage security, and to the instruments evidencing such debt and security, and there is no room or occasion for subrogation by operation of law." *Ellsworth v. Lockwood,* 42 N. Y. 97, cited approvingly in 1 Jones, Mortgages, § 874.

In another case in the same state it was held that:

"Where one who pays a mortgage upon land in which he has an interest stands in such a relation thereto that his interest, whether legal or equitable, cannot otherwise be adequately protected, the transaction will be treated in equity as an assignment, and he is entitled to enforce it for his own reimbursement and the protection of his interest." *Arnold v. Green,* 116 N. Y. 566, 23 N. E. 1.

So it has been held in Michigan that:

"Where property owned by two partners is subject to a mortgage and, as between the two, it is the duty of one to discharge it, and the other pays the debt on condition that the mortgage shall inure to his benefit, an equity arises in his favor, entitling him to indemnity through the mortgage." *Laylin v. Knox,* 41 Mich. 40, 1 N. W. 913.

So it has been held in Vermont that:

"Where a partner mortgages his private property to secure a partnership debt, which is also secured by a mortgage on the *partnership property,* he stands surety for the partnership, and is entitled to be subrogated to the rights of a mortgagee, and the creditors of such surety are entitled to the same

right of subrogation as the surety himself; the partnership property being a primary fund, the private property a collateral pledged to pay the debt." *National Bank v. Cushing,* 53 Vt. 231.

See, also, *Levy v. Martin,* 48 Wis. 198, 4 N. W. 35; *Stewart v. Stewart,* 90 Wis. 516, 63 N. W. 886. So this court has held that:

"One of several sureties who has paid a judgment against all may maintain an action in equity to enforce contribution from his co-sureties, and may be subrogated to all the rights of the creditor under the judgment." *Mason v. Pierron,* 63 Wis. 239, 23 N. W. 119.

This is an equitable action, and we perceive no good reason why the plaintiff is not subrogated to the rights of his assignors, except in so far as he is equitably liable, nor why the rights of the respective parties should not be determined in this action. Certainly the three defendants who signed the note were not discharged of liability by the mere fact that the plaintiff purchased the note and mortgage. Of course, the plaintiff could in no event recover from them anything more than their equitable proportion of such deficiency. We must hold that the complaint states a cause of action against the parties named, including the appellant. We fail to find any misjoinder of causes of action in the complaint, or any defect of parties defendant. The demurrer was properly overruled.

*By the Court.*—The order of the circuit court is affirmed.