MARLING, Respondent, vs. MAYNARD and another, imp., Ap-
pellants.

*October 13—November 7, 1906.*

*Mortgages: Judgment for deficiency when foreclosure denied.*

Where in an action to foreclose a mortgage it is adjudged that
there can be no foreclosure, the personal judgment for deficiency
authorized by sec. 3156, Stats. 1898, and demanded in the com-
plaint cannot be rendered.

APPEAL from a judgment and an order of the circuit court
for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge.
*Reversed.*

This action was commenced May 8, 1903, to foreclose a note and mortgage executed by the Milwaukee Realty Company November 3, 1897, to the order of Henry Herman for $1,800, payable three years from the date thereof, which mortgage was on the land therein described and was recorded November 6, 1897, in vol. 398 of Mortgages on page 183. The amended complaint alleges in effect the facts stated; also that November 3, 1897, the defendants *Maynard* and *Agnew* for a valuable consideration guaranteed in writing the payment of the note and waived demand, notice, and protest of the same; that December 10, 1897, for valuable consideration, Herman duly assigned said note and mortgage to the plaintiff, and that such assignment was recorded April 17, 1903; that the realty company failed to pay the amount due November 3, 1900; that the plaintiff was the owner of the note and mortgage, and that there was due thereon $1,800 with interest thereon from November 3, 1902, at eight per cent. per annum; that July 5, 1902, the defendant Emma Nommensen agreed to purchase the mortgaged premises from the realty company, and received a warranty deed from that company of said premises September 12, 1902, and the same was recorded July 6, 1903; that the Henry Herman Company and Emma Nommensen had or claimed to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, had accrued subsequently to the lien of said mortgage; that no proceedings had been had at law or otherwise for the recovery of the sum secured by said note and mortgage or any part thereof, and that no part thereof had been paid or collected except a portion of the interest as stated; that the premises were inadequate security. The complaint then demands judgment for $1,800 with interest from November 3, 1902, at the rate of eight per cent. per annum, and that unless the same should be paid within a year from the rendition of the judgment the premises be sold and conveyed to the purchasers; that if the

moneys arising from the sale should be insufficient to satisfy the judgment, then, upon the filing and confirmation of the sheriff's report of the sale, specifying the amount of such deficiency, judgment be rendered against the defendants, the Milwaukee Realty Company and *Maynard* and *Agnew,* who were personally liable for the payment of the debt secured by the mortgage, for the amount of such deficiency with interest thereon from the date of the sheriff's report of such sale, and that the plaintiff have execution therefor.

The Milwaukee Realty Company and *Maynard* and *Agnew* answered and therein admitted that the mortgage was collateral security for the payment of the note, and that the same was recorded as alleged, and that *Maynard* and *Agnew* in writing guaranteed the payment of said note; and alleged that September 9, 1902, the note and mortgage were fully paid and discharged, and that the land was at the same time conveyed to Emma Nommensen, who thereupon took possession of the premises; and prayed that she be made a party defendant. The defendant Emma Nommensen was thereupon made a party defendant, and made answer and counterclaim and claimed to be a *bona fide* purchaser for value of said mortgaged premises free and clear of all incumbrances. The plaintiff replied to such counterclaim.

At the close of the trial of such issues the court found in effect that all the allegations of the complaint were true; that at the time of the execution and delivery of the note and mortgage *Maynard* and *Agnew* for value received guaranteed in writing the payment of the note and waived demand, notice, and protest; that the note and mortgage were assigned by Herman to the plaintiff and the assignment thereof recorded as alleged without any notice to the plaintiff of any fact impairing the validity or value thereof; that neither the principal nor interest had been paid except as stated; that July 5, 1902, the Milwaukee Realty Company contracted to sell the premises to Nommensen for $2,950, which contract of

sale recited that there was on the premises a mortgage of
$1,800 which the purchaser or her assigns agreed to assume
as part of the purchase price of the premises, and that Nom-
mensen immediately entered into possession under the con-
tract and has continued in such possession ever since; that
September 12, 1902, the defendants or some of them through
*Agnew* paid to Herman the $1,800 remaining unpaid, and
received from him a satisfaction of the mortgage and a war-
ranty deed of the premises executed by the realty company;
that at the time of such payment *Agnew* demanded the note
and mortgage and was informed by Herman that he had not
either of them in his possession at that time, but he agreed to
procure and deliver them at some future time; that the satis-
faction so received from Herman was duly recorded May 8,
1903, and the deed from the realty company to Nommensen
was duly recorded July 6, 1903; that the plaintiff at no time
prior to the beginning of this action had any knowledge of
the negotiation for or purchase of said property by Nommen-
sen, nor of the payment of said money, nor of the execution
or delivery of said satisfaction, and Nommensen had no in-
formation that the plaintiff was the owner of said note and
mortgage; that at the time of such payment to Herman he did
not have the note or mortgage in his possession nor under his
control, nor at any time since December 10, 1897, when they
were assigned to the plaintiff, and that Herman had no au-
thority to receive payment therefor; that the allegations of
payment of the note and mortgage were untrue.

As conclusions of law the court found in effect that the
plaintiff was entitled to the relief demanded in the complaint,
and that the notice of *lis pendens* was filed May 14, 1903.
On July 25, 1905, it was ordered in effect that the plaintiff
was entitled to the usual judgment of foreclosure and sale,
and that, in case of deficiency arising after applying the pro-
ceeds of sale, the usual judgment against the Milwaukee
Realty Company as maker and *Maynard* and *Agnew* as guar-

antors be entered according to law and the rules and practice of the court.    Thereupon judgment was entered accordingly.

On November 23, 1905, the defendant Nommensen appealed to this court from the judgment so rendered and entered directing the sale of the mortgaged premises to satisfy the sum of $2,427.38, and from the whole of said judgment. Upon that appeal this court held in effect that the debt secured by the note and mortgage was not paid; that the plaintiff was not protected by the recording acts (sec. 2241, Stats. 1898), and that the withholding of the assignment of December 10, 1897, from Herman to the plaintiff from record until after Nommensen had purchased the premises and gone into possession, and paid the mortgagee for the same and received from him a release of the mortgage and a warranty deed from the realty company, was a persistent declaration to all persons dealing merely with the title that the mortgagee owned the mortgage and "that plaintiff was estopped, as against defendant, to deny the mortgagee's continued ownership and authority to discharge the mortgage, and that therefore defendant held the land discharged from the lien of the mortgage." *Marling v. Nommensen,* 127 Wis. 363, 365, 106 N. W. 844. The mandate of this court was "judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayers of appellant's counterclaim, *as to her,* and for further proceedings according to law." 127 Wis. 363, 371, 106 N. W. 846. The prayers of appellant's counterclaim therein mentioned read: (1) that the plaintiff's complaint be dismissed; (2) that the claim of this defendant be established against any claim of the plaintiff in and to said premises; (3) that the plaintiff be forever barred against having or claiming any right or title to the land above described adverse to this defendant; (4) for the costs and disbursements of this defendant.

The *remittitur* having been filed in the trial court, such proceedings were had thereon that on May 29, 1906, the court ordered and adjudged that the judgment of July 25,

1905, be and the same was thereby reversed, and the complaint dismissed as to Emma Nommensen; that her claim as against the plaintiff in and to the premises be established; that the plaintiff be forever barred against having or claiming any right or title to the premises adverse to Emma Nommensen; and that Nommensen have and recover from the plaintiff her costs. And said judgment contained this further provision:

"It is further ordered and adjudged that there is now due to the said plaintiff *Celia Marling* from the said defendants Milwaukee Realty Company, *Charles A. Maynard,* and *Andrew D. Agnew* the sum of $2,314.40, principal and interest on the said note, and the sum of $64.79 for costs and disbursements, and that the said plaintiff *Celia Marling* shall have and recover said amounts from the said defendants Milwaukee Realty Company, *Charles A. Maynard,* and *Andrew D. Agnew,* and from each of them."

On the several orders to show cause why said last-named judgment should not be set aside having been heard, the trial court on June 28, 1906, ordered that the said several motions of the defendants, the Milwaukee Realty Company and *Maynard* and *Agnew,* to vacate said judgment, etc., which were combined and heard as one motion, be and the same were thereby denied with $10 costs in favor of the plaintiff and against the said defendants. On July 11, 1906, the defendants *Maynard* and *Agnew* appealed to this court from that part of the judgment entered May 29, 1906, wherein it is adjudged that there is due to the plaintiff from the defendants *Maynard* and *Agnew* and the Milwaukee Realty Company $2,314.40 on the note and $64.79 costs and disbursements, and that the plaintiff shall have and recover said amounts from the three defendants last named, and from each of them; and the said *Maynard* and *Agnew* included in their said appeal the order of June 28, 1906, which denied their motions to vacate and set aside said judgment, and that appeal is from the whole and every part of said order and from that part of said judgment which is against them.

For the appellant *Maynard* there was a brief by *W. E. & F. P. Burke,* and oral argument by *W. E. Burke.*

*C. T. Wilcox,* for the appellant *Agnew,* contended, *inter alia,* that a foreclosure action, though in equity, is regulated wholly by statute (Stats. 1898, ch. 135), every provision of which is in mandatory language and must be followed with reasonable strictness.    If it were not for the statutory provisions the guarantors could not have been made parties defendant.    A personal recovery is authorized only by means of a deficiency judgment; and there can be no deficiency judgment without a foreclosure sale.    Denial of foreclosure ends the action.    *Sands v. Kaukauna W. P. Co.* 115 Wis. 229, 236; *Duecker v. Goeres,* 104 Wis. 29; *Spengler v. Hahn,* 95 Wis. 472, 475; *Plankinton v. Hildebrand,* 89 Wis. 209; *Welp v. Gunther,* 48 Wis. 543, 548; *Laycock v. Parker,* 103 Wis. 161, 189; *Bostwick v. Van Vleck,* 106 Wis. 387; *Burdick v. Burdick,* 20 Wis. 348; *Tormey v. Gerhart,* 41 Wis. 54; *Mason v. Beach,* 55 Wis. 607; *Dudley v. Cong. of St. Francis,* 138 N. Y. 451; *Wrigglesworth v. Wrigglesworth,* 45 Wis. 255.

For the respondent there was a brief by *Turner, Hunter, Pease & Turner,* and oral argument by *L. S. Pease.*    They contended, *inter alia,* that when the court is a court of general jurisdiction and parties have had full opportunity to produce all their evidence and all the evidence is produced as in the case at bar, and all the parties submit all the issues to the court, the court has complete authority to settle and determine all the rights of the parties.    *Fanning v. Murphy,* 117 Wis. 408, 412, 414; *Palmeter v. Carey,* 63 Wis. 426, 430; *Halbach v. Trester,* 102 Wis. 530, 534; *Spengler v. Hahn,* 95 Wis. 472.

CASSODAY, C. J.    The question presented is whether the judgment entered May 29, 1906, to the effect that the plaintiff recover from *Maynard* and *Agnew* and each of them the

amount due on the note with costs is justified by the mandate of this court on the former appeal. It is conceded by the plaintiff that in pursuance of that mandate the judgment of July 25, 1905, was to be reversed, and that the complaint for the foreclosure of the mortgage and the sale of the mortgaged premises should be dismissed, and that Emma Nommensen's claim to such premises be established, and that the plaintiff be forever barred from having or claiming any right or title to said premises. But it is claimed on the part of the plaintiff that the mandate permitted the action to continue so far as to enable the plaintiff to recover the amount due on the note from those personally liable for its payment. There are some difficulties in the way of such contention. At common law no such personal liability could be enforced in an action to foreclose the mortgage. Thus, it was held in New York at an early day:

"On a bill to foreclose a mortgage the mortgagee is confined to his remedy on the mortgage. The suit cannot be extended to the mortgagor's other property, or against his person, in case the property mortgaged is not sufficient to pay the debt for which it is pledged. The mortgagee's further remedy *is at law,* where he may sue at the same time on his bond or on the covenant to pay the money, and after a foreclosure of the mortgage in equity he may sue on his bond, at law, for the deficiency." *Dunkley v. Van Buren,* 3 Johns. Ch. 330; *Burroughs v. Tostevan,* 75 N. Y. 567, 572; *Frank v. Davis,* 135 N. Y. 275, 277, 278, 31 N. E. 1100.

It is only in so far as such rules have been changed by statute that personal liability can be enforced in such foreclosure action. For several years prior to the enactment of ch. 243, Laws of 1862, such rules of the common law were recognized and as modified by statute in respect to the joinder of causes of action were enforced in this state. *Walton v. Goodnow,* 13 Wis. 661; *Sauer v. Steinbauer,* 14 Wis. 70; *Cary v. Wheeler,* 14 Wis. 281; *Jesup v. City Bank,* 14 Wis. 331; *Faesi v. Goetz,* 15 Wis. 231; *Conn. Mut. L. Ins. Co. v. Cross,*

18 Wis. 109. This last case indicated the change in such rules by the statute cited. Such statute was modified from time to time, but for nearly thirty years it has been the same as found in sec. 3156, R. S. 1878 and Stats. 1898. By virtue of that statute the complaint in this action contained "a demand for judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against" the Milwaukee Realty Company and *Maynard* and *Agnew,* who were "personally liable for the debt secured by the mortgage, . . . upon the same contract which the mortgage" was "given to secure." That was the only complaint authorizing such judgment for deficiency, and that complaint was dismissed pursuant to the mandate of this court. The same section of the statutes authorized the rendition of "judgment of foreclosure and sale, and also for any such deficiency *remaining after* applying the proceeds of sale to the amount adjudged to be due for principal, interest, and costs," and provided that "such judgment for deficiency . . . be ordered in the original judgment and separately rendered against the party liable *on and after* the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases." Pursuant to such statute the judgment of July 25, 1905, was entered, and it provided that, in case of deficiency arising after applying the proceeds of sale, the usual judgment for such deficiency could be entered against the persons so personally liable. No appeal has ever been taken from that part of the judgment. No sale of the mortgaged premises has ever been made, much less confirmed. And so no proceeds of sale have ever been so applied and no deficiency on such sale has ever been determined, much less adjudged. Such statute gave no authority for the rendition of the personal judgment against *Maynard* and *Agnew* entered May 29, 1906. Such personal judgment seems to have been rendered independent of the mandate and regardless of the statute. Id.; sec. 3071, Stats. 1898. It does not seem

to be authorized by any adjudication of this court. See *Pereles v. Leiser,* 123 Wis. 233, 101 N. W. 413; *Fanning v. Murphy,* 117 Wis. 408, 94 N. W. 335; *Fuller v. Abbe,* 114 Wis. 127, 8 N. W. 825; *Kuener v. Smith,* 108 Wis. 549, 84 N. W. 850; *Kasson v. Tousey,* 96 Wis. 511, 71 N. W. 894; *Witter v. Neeves,* 78 Wis. 547, 47 N. W. 938; *Danforth v. Coleman,* 23 Wis. 528. As indicated, the personal judgment against *Maynard* and *Agnew* is not covered by the mandate nor authorized by the statutes, nor justified at common law,. and hence is erroneous.

*By the Court.*—On the appeal of *Maynard* and *Agnew,* so much of the judgment of the circuit court of May 29, 1906,. as is against them, and the order of that court refusing to set aside such judgment June 28, 1906, are reversed, and the cause is remanded with directions to dismiss the action as to such appellants.

WINSLOW, J. (*concurring*). I fully agree with the decision reached in this case, but I desire to add a few words on account of what seems to me an inaccuracy in the opinion of the court. It is true, as stated in the opinion, that at common law the principle was well established that the personal. liability of the mortgagor could not be enforced in the equitable action to foreclose the mortgage. In *Walton v. Goodnow,* 13 Wis. 661, a foreclosure complaint, which also demanded a personal judgment for deficiency, was demurred to, and the demurrer was stricken out as frivolous by the trial court. Upon appeal this court recognized the principle above stated as existing under the old practice, and held that the question whether it still obtained under the Revised Statutes of 1858 was a fair question for argument, and hence that the demurrer should not have been held frivolous. Thus it will be seen that in this case the court did not decide that the common-law principle still prevailed in this state, but simply held that it was a question open to argument. The next case

was that of *Sauer v. Steinbauer,* 14 Wis. 70, which was a foreclosure action brought against the mortgagor *alone,* and it was held that in such case the personal liability could be enforced in the foreclosure action under the Code provision authorizing joinder of actions; but the question whether the personal claim could be joined where there were other defendants in the foreclosure action not personally liable, was not involved and not decided. The latter question was presented in the immediately following case of *Cary v. Wheeler,* 14 Wis. 281, and it was held that such joinder could not be had if the proper demurrer was taken, but that otherwise the objection was waived and both causes of action could proceed to a judgment in the same action. These principles were followed in *Jesup v. City Bank,* 14 Wis. 331; *Stilwell v. Kellogg,* 14 Wis. 461; *Faesi v. Goetz,* 15 Wis. 231.

After these decisions came the enactment of ch. 243, Laws of 1862, which authorized a judgment for deficiency against the defendants personally liable in all foreclosure actions, when such judgment was demanded in the complaint. Thus, prior to the passage of this act, the law in this state was that the action at law could be joined with the foreclosure action where the mortgagor was the sole defendant, and could also be joined when there were other defendants in the absence of a demurrer on the ground of misjoinder. The common-law principle, on the contrary, was that there could be no enforcement of personal liability in any action of foreclosure. So it seems to me inaccurate, if not absolutely incorrect, to say that the common-law principle was enforced in this state by the decisions cited even in a modified form. See *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653, where the effect of the decisions on this subject prior to the passage of ch. 243 aforesaid is explained.

This conclusion, however, does not affect the ultimate question in the present case. The complaint was a statutory complaint, under sec. 3156, Stats. 1898, which section au-

thorizes a personal judgment in a foreclosure action for any deficiency remaining after applying the proceeds of the sale of the mortgaged premises to the debt and costs. It does not authorize a personal judgment for the debt generally, but only for the deficiency after the application of the security. Where there is no security, no foreclosure, and no sale, there can be no deficiency after sale, and hence no judgment for deficiency.

Marshall, J. I concur in the foregoing opinion of Mr. Justice Winslow.